J-S48041-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| AVRON HOLLAND | : | |
| Appellant | : | No. 2695 EDA 2019 |

Appeal from the PCRA Order Entered August 23, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1206740-2004

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| AVRON HOLLAND | : | |
| Appellant | : | No. 2696 EDA 2019 |

Appeal from the PCRA Order Entered August 23, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1206741-2004

BEFORE:  KUNSELMAN, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:                Filed: November 19, 2020

In these consolidated appeals,[1] Avron Holland (Appellant) appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas,

---

[1] On November 7, 2019, this Court consolidated these appeals *sua sponte*. Order, 11/7/19.

dismissing his serial petition filed pursuant to the Post Conviction Relief Act[2] (PCRA). Appellant seeks collateral relief from his jury convictions of possession of an instrument of crime (PIC) and persons not to possess firearms[3] at trial court Docket No. CP-51-CR-1206740-2004 (Trial Docket No. 6740-2004) and first-degree murder[4] at trial court Docket No. CP-51-CR-1206741-2004 (Trial Docket No. 6741-2004). On appeal, Appellant argues the PCRA court erred in dismissing his petition as untimely filed. For the reasons that follow, we affirm.

The facts underlying Appellant's convictions were detailed in a September 2017 decision of this Court affirming the PCRA court's dismissal of a prior serial PCRA petition; thus, we need not reiterate them in detail herein. *See Commonwealth v. Holland*, 3020 EDA 2016 (unpub. memo. at 1-3) (Pa. Super. Sept. 11, 2017). For our purposes, we note that Appellant was charged with first-degree murder, PIC, possession of a firearm without a license,[5] and persons not to possess firearms in connection with the April 2003 shooting death of Michael Jones, Jr. *See id.* at 1. In late November of 2005, the Honorable Jane Cutler Greenspan presided over Appellant's jury trial. On December 5, 2005, the jury found Appellant guilty of PIC and possession of a

---

[2] 42 Pa.C.S. §§ 9541-9546.

[3] 18 Pa.C.S. §§ 907, 6105.

[4] 18 Pa.C.S. § 2502.

[5] 18 Pa.C.S. § 6106.

firearm without a license, but could not agree on a verdict for the murder charge. Judge Greenspan subsequently convicted Appellant of persons not to possess firearms, and discharged the jury's conviction of the non-licensure offense because she determined the Commonwealth failed to present evidence of non-licensure at trial. Trial Ct. Op., 2/23/06, at 1 n.1. The case proceeded to sentencing on December 8, 2005, at which time Judge Greenspan imposed an aggregate term of seven and one-half to fifteen years' imprisonment. *Id.* at 2. Appellant was retried on the charge of first-degree murder before the Honorable Shelia Woods-Skipper, and on January 10, 2006, a jury found Appellant guilty of first-degree murder. Appellant was sentenced that same day to a mandatory term of life imprisonment. *See* Trial Docket No. 6741-2004.

Appellant filed direct appeals from both convictions, which were consolidated for disposition. On June 4, 2007, this Court affirmed Appellant's judgments of sentence, and on December 14, 2007, the Pennsylvania Supreme Court denied *allocatur* review. *See Commonwealth v. Holland*, 389 & 436 EDA 2006 (Pa. Super. Jun. 4, 2007), *appeal denied*, 351 & 352 EAL 2007 (Pa. Dec. 14, 2007).

Appellant filed his first, timely PCRA petition, *pro se*, on July 23, 2008.[6] The PCRA court dismissed the petition,[7] this Court affirmed the dismissal, and the Pennsylvania Supreme Court denied *allocatur* review. **Holland**, 2833 EDA 2011.

On July 6, 2015, Appellant filed a second *pro se* PCRA petition, claiming he was in receipt of newly discovered evidence, namely an affidavit by Commonwealth witness Bobby Scott, in which Scott recanted his trial testimony. Appellant's Motion for Post Conviction Collateral Relief, 7/6/15, at 3. The PCRA court appointed counsel, who later filed a **Turner**/**Finley**[8] "no merit" letter and motion to withdraw. **Holland**, 3020 EDA 2016 (unpub. memo. at 4). On September 16, 2016, the PCRA court dismissed Appellant's petition without a hearing, and granted counsel's motion to withdraw. **Id.** (unpub. memo. at 5). This Court affirmed the denial of PCRA relief on September 11, 2017. **See id.**

---

[6] From this point forward, Appellant included both trial court docket numbers on his filings.

[7] We note that the PCRA court initially appointed counsel, who filed an amended petition in January of 2010. **Commonwealth v. Holland**, 2833 EDA 2011 (unpub. memo. at 4) (Pa. Super. Jan. 11, 2013), *appeal denied*, 121 EAL 2013 (Pa. Jul. 3, 2013). However, Appellant subsequently requested to proceed *pro se*, and, following a **Grazier** hearing, the court granted his request. **Id.  See also Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

[8] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

While that appeal was pending before this Court, Appellant filed a third *pro se* PCRA petition in the trial court on December 12, 2016. *See* Appellant's Motion for Post Conviction Collateral Relief, 12/12/16. He averred that on November 19, 2016, he obtained "affidavits" from two additional Commonwealth witnesses — Gregory Brooks and Fredrick Brisbon — in which they recanted their testimony at trial.[9] *Id.* at 3. On March 16, 2017, the PCRA court notified Appellant of its intent to dismiss the petition without first conducting an evidentiary hearing pursuant to Pa.R.Crim.P. 907, because it concluded the petition was untimely filed and failed to properly invoke a timeliness exception. Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907, 3/16/17 (Rule 907 Notice). Further, the notice explicitly stated:

> You are her[e]by advised that in twenty (20) days from the date of this NOTICE, your request for post-conviction relief will be denied/dismissed without further proceedings. **No response to this NOTICE is required.** If, however, you choose to respond, your response is due **within twenty (20) calendar days** of the above date. **<u>Such response must be filed in accordance with the requirements of Pennsylvania Rule of Criminal Procedure 576</u>** (a copy should be sent to the Court).

*Id.* Appellant did not respond to the Rule 907 notice, and on April 21, 2017, the trial court entered an order dismissing the petition.

---

[9] These "affidavits" were, in fact, transcripts from an interview each witness conducted with a private investigator. *See* Appellant's Motion for Post Conviction Collateral Relief, 12/12/16, at Exhibit 1, Interview of Gregory Brooks, 10/14/16; Exhibit 2, Interview of Frederick Brisbon, 11/2/16. Furthermore, neither interview was signed by either the investigator or the witness. Rather, both documents stated "See original for signature." *Id.*

More than a year later, on August 24, 2018, Appellant filed a motion requesting the PCRA court reconsider its March 16, 2017, Rule 907 notice. *See* Appellant's Motion to Reconsider 907 Notice, 8/24/18. Appellant asserted that the Rule 907 notice was "deemed void" because, at the time he filed his third petition, the appeal from the denial of his second petition was still pending, and "[u]nder PCRA case law, a petitioner can't file a subsequent PCRA petition if the appeal of a prior (dismissed) [petition] is pending." *Id.* at 1, *citing* **Commonwealth v. Lark**, 746 A.2d 585 (Pa. 2000), *overruled on other grounds*, **Commonwealth v. Small**, ___ A.3d ___, 8 EAP 2019 (Pa. Oct. 1, 2020); **Commonwealth v. O'Neil**, 573 .2d 1112 (Pa. Super. 1990). Under the belief that the PCRA court never entered an order dismissing his third petition after issuing its Rule 907 notice, Appellant further requested the court "reconsider" its decision to dismiss the petition, and allow the petition to proceed. Appellant's Motion to Reconsider 907 Notice, at 1. The PCRA court's law clerk responded to Appellant's filing by letter dated September 14, 2018, in which they informed Appellant that his third petition was dismissed on April 21, 2017, and any motion for reconsideration or notice of appeal was, thus, untimely. Order Denying Motion to Reconsider, 9/14/18.[10]

---

[10] Although the document is a letter from Judge Woods-Skipper's law clerk to Appellant, it is docketed as an order denying Appellant's motion for reconsideration. *See* Trial Docket No. 6740-2004, 9/14/18; Trial Docket No. 6741-2004, 9/14/18.

Thereafter, on November 30, 2018, Appellant filed the present PCRA petition, *pro se*. He argued that the petition was timely filed based upon the governmental interference and newly discovered evidence exceptions to the PCRA's timing requirements. Appellant's Petition for Post-Conviction Relief, 11/30/18, at 2 (unpaginated). Specifically, he asserted that he did not receive the PCRA court's April 21, 2017, order dismissing his prior petition, and that he filed the present petition within 60 days of receiving the law clerk's letter. *Id.* Thus, Appellant requested reinstatement of his PCRA appellate rights, *nunc pro tunc*. *Id.* at 3. On July 24, 2019, the PCRA court sent Appellant Rule 907 notice of its intent to dismiss his fourth petition as untimely filed. Appellant filed a *pro se* response on August 15, 2019, requesting an evidentiary hearing. On August 23, 2019, the PCRA court entered an order dismissing Appellant's petition. These timely appeals followed.[11] The PCRA court entered an order at Trial Docket No. 6740-2004, directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). No such order was filed at Trial Docket No. 6741-2004.

---

[11] We note that, in compliance with **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), Appellant filed a separate notice of appeal at each trial court docket. **See id.** at 977 (mandating that "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed"). The appeal for Trial Docket No. 6740-2004 (PIC and persons not to possess) is filed at appellate Docket No. 2695 EDA 2019, and the appeal for Trial Docket No. 6741-2004 (murder) is filed at appellate Docket No. 2696 EDA 2019.

Furthermore, there is no concise statement filed by Appellant at either trial court docket.[12]

Appellant raises the following two questions on appeal:

[1] Where [Appellant] did not receive notice of his third PCRA petition being dismissed, and where [Appellant] has been continuously incarcerated, has [Appellant] otherwise satisfied the requirements for an exception to the PCRA time bar under . . . subsections 9543(a)(2)(iv); 9545(b)(1)(ii), (b)(2) based on receiving a letter from [Judge Woods-Skipper's law clerk], informing [Appellant] that his third PCRA petition was dismissed, such that warrants reinstatement of his post-conviction appeal rights nunc pro tunc under **Commonwealth v. Bennett**, 930 A.2d 1264 (Pa. 2007)?

[2] Where [Appellant's] second PCRA appeal . . . was still pending before [the] Pennsylvania Superior Court, did [the] PCRA court err in entertaining Holland's third PCRA petition based on newly discovered evidence under . . . **Lark**[?]

Appellant's Brief at iv.[13]

---

[12] In its opinion, the PCRA court suggests that all of Appellant's issues are waived due to his failure to comply with its Rule 1925(b) order. PCRA Ct. Op., 2/24/20, at 3. **See also Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1988) ("[I]n order to preserve their claims for appellate review, Appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925[; a]ny issues not raised in a 1925(b) statement will be deemed waived."). Although Appellant insists in his brief that he did file a concise statement, he has presented no proof of his filing to this Court. **See** Appellant's Brief at vi n.1. Thus, it would appear that any claims raised in relation to Trial Docket No. 6740-2004 are waived. Nevertheless, as will be discussed **infra**, we agree with the PCRA court's alternative determination that Appellant's petition was untimely, and he failed to demonstrate the applicability of a time-for-filing exception. Because the untimeliness of the petition affects our jurisdiction, we affirm on that basis.

[13] We note that the briefs filed by Appellant at each docket are identical, and, in fact, both briefs list only appellate Docket No. 2695 EDA 2019.

Our review of an order denying a PCRA petition is well-settled: "we must determine whether the PCRA court's order 'is supported by the record and free of legal error.'" **Commonwealth v. Johnson**, 139 A.3d 1257, 1272 (Pa. 2016) (citation omitted). Preliminarily, we note there is no dispute that the present petition, filed on November 30, 2018, was untimely pursuant to Section 9545(b). **See** 42 Pa.C.S. § 9545(b)(1) (any petition, including second or subsequent petition, must be filed within one year of the date judgment of sentence is final). Here, Appellant's judgment of sentence was final on March 13, 2008[14] — thus, the present petition, filed more than ten years later, is untimely on its face. "We have construed the PCRA's timing provisions as jurisdictional in nature, and no court may entertain an untimely PCRA petition." **Commonwealth v. Small**, ___ A.3d ___, ___, 2020 WL 5833781, at *8 (Pa. Oct. 1, 2020). **See also** 42 Pa.C.S. § 9545(b)(1).

Nevertheless, an untimely petition may be considered if one of the three timeliness exceptions applies. 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Here, Appellant argues his petition was timely filed pursuant to both the governmental interference and the newly discovered facts exceptions set forth at Section 9545(b)(1)(i) and (ii). The governmental interference exception

---

[14] A panel of this Court determined Appellant's prior PCRA petition, filed in July of 2015, was similarly untimely. **See Holland**, 3020 EDA 2016 (unpub. memo. at 6-9) (explaining Appellant's judgment of sentence was final on March 13, 2008, 90 days after the Pennsylvania Supreme Court denied his petition for allowance of appeal and "the time for filing a petition for writ of **certiorari** with the United States Supreme Court expired").

provides that a PCRA court has jurisdiction to consider an otherwise untimely petition if a petitioner pleads and proves that his "failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States." 42 Pa.C.S. § 9545(b)(1)(i).

> The proper question with respect to Subsection 9545(b)(1)(i)'s timeliness exception is "whether the government interfered with Appellant's ability to present his claim and whether Appellant was duly diligent in seeking the facts on which his claims are based."

***Commonwealth v. Chimenti***, 218 A.3d 963, 975 (Pa. Super. 2019), *appeal denied*, 229 A.3d 565 (Pa. 2020). Pursuant to the newly discovered facts exception, a PCRA court may review a facially untimely petition if the petitioner demonstrates "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii). Furthermore, the Act requires that any petition invoking one of the timeliness exceptions must be filed "within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[15]

---

[15] This subsection was amended, effective December 24, 2018, to provide petitioners with one year to invoke a timeliness exception regarding "claims arising on Dec. 24, 2017 or thereafter." 42 Pa.C.S. § 9545(b)(2); Section 3 of Act 2018, Oct. 24, P.L. 894, No. 146, effective in 60 days. Because the petition at issue was filed on November 30, 2018, before the effective date of the amendment, the amendment is not applicable here.

Appellant's argument conflates the two exceptions. First, he contends that he did not receive the PCRA court's April 17, 2017, order dismissing his third PCRA petition — thus, he claims he first learned that his petition had been dismissed when he received the letter from the PCRA court's law clerk in October of 2018.[16] Appellant's Brief at 1-2. Appellant argues the law clerk's letter informing him that his third PCRA petition had been dismissed constituted a newly discovered fact, and that he could not have ascertained that information earlier "through reasonable diligence." *Id.* at 2. Second, Appellant maintains that the new fact he discovered was governmental interference with his "ability to raise an appeal." *Id.* He insists the PCRA court erred when it dismissed his third petition as untimely while the appeal from the dismissal of his second petition was pending in this Court. Appellant's Brief at 4. Appellant contends that, pursuant to *Lark*, the PCRA court should have "decline[d to] entertain[ ] the petition while [his] previous PCRA appeal was already pending; or in the alternative should have stayed [his] third PCRA proceedings until this Court's resolution of review was finalized." *Id.* Accordingly, he asserts he is entitled to an evidentiary hearing on his third petition, as well as reinstatement of his appeal rights from the denial of that petition *nunc pro tunc*.

---

[16] Although the letter was dated and mailed on September 14, 2018, in his PCRA petition, Appellant claimed he did not receive the letter until October 17, 2018; he then filed his fourth petition less than 60 days later, on November 30, 2018. Based upon our conclusion, we need not address this potential discrepancy.

In **Lark**, the Pennsylvania Supreme Court held that "when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." **Lark**, 746 A.2d at 588 (footnote omitted). "If the petitioner pursues the pending appeal, then the PCRA court is required under **Lark** to dismiss any subsequent PCRA petitions filed while that appeal is pending." **Commonwealth v. Beatty**, 207 A.3d 957, 961 (Pa. Super. 2019), *appeal denied*, 218 A.3d 850 (Pa. 2019). Furthermore, in **Beatty**, this Court held that a PCRA court had "no authority" to hold a subsequent petition in abeyance, while a prior petition was pending on appeal, and then reinstate the subsequent petition when the appeal was final. **Id.** at 963.

We agree with Appellant that, pursuant to **Lark**, the PCRA court should have summarily dismissed his third petition, which Appellant filed while the appeal from the dismissal of his second petition was pending before this Court. Nevertheless, we still conclude Appellant is entitled to no relief.

First, we note that contrary to Appellant's assertion in his brief, the PCRA court had "no authority to put Appellant's [third] petition on pause until Appellant's pending appeal concluded." **See Beatty**, 207 A.3d at 963; Appellant's Brief at 4 (arguing the PCRA court should have "stayed [his] third PCRA proceedings until this Court's resolution of review was finalized").

Second, while we agree the PCRA court dismissed Appellant's third petition for the wrong reason, Appellant still cannot establish his fourth

petition — the one at issue herein — was timely filed. In **Lark**, the Supreme Court explained:

> If the subsequent petition is not filed within one year of the date when the judgment became final, then the petitioner must plead and prove that one of the three exceptions to the time bar under 42 Pa.C.S. § 9545(b)(1) applies. The subsequent petition must also be filed within sixty days of the date of the order which finally resolves the previous PCRA petition, because this is the first "date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

**Lark**, 746 A.2d at 588.

In the present case, this Court affirmed the dismissal of Appellant's second PCRA petition on September 11, 2017. Appellant did not file the present petition within 60 days of that decision, as is required by **Lark**. Rather, Appellant waited another 14 months, and filed the present petition on November 30, 2018. Thus, under **Lark**, Appellant's present petition is untimely. **See Lark**, 746 A.2d at 588.

Furthermore, to the extent Appellant contends the PCRA court's dismissal of his third petition constituted a newly discovered fact — because Appellant claims he never received the order — we find this argument specious. Appellant concedes he received the court's Rule 907 notice issued on March 16, 2017.[17] That notice specifically informed Appellant that his petition would be dismissed within 20 days if he did not respond. **See** Rule 907 Notice. Appellant did not respond within the requisite 20-day period;

---

[17] We note the record reveals both the Rule 907 order and dismissal order were mailed to Appellant at the same prison address. **See** Rule 907 Notice, Proof of Service; Order, 4/21/17, Proof of Service.

- 13 -

rather he filed a motion requesting the court reconsider its intent to dismiss, more than 17 months later, on August 24, 2018. **See** Appellant's Motion to Reconsider 907 Notice, 8/24/18. As the PCRA court notes in its opinion, under either the governmental interference or newly discovered facts exception, Appellant fails to meet his burden of demonstrating he acted with due diligence in pursuing his claim. **See** PCRA Ct. Op. at 5 ("Appellant does not explain what steps he took between March 16, 2017 and August 24, 2018, to determine the status of his PCRA petition which is fatal to his claim."). **See also** 42 Pa.C.S. § 9545(b)(1)(ii); **Chimenti**, 218 A.3d at 975.

Moreover, regardless of how the PCRA court treated his third petition, Appellant could have sought timely review of his 2016 recantation claims if he had filed a petition within 60 days of the date this Court affirmed the denial of his second petition, September 11, 2017. Appellant presents no argument as to why he failed to do so. Instead, Appellant waited nearly a year, before filing the motion seeking reconsideration of the court's Rule 907 notice. Thus, no relief is warranted.

Therefore, because we agree with the conclusion of the PCRA court that Appellant's fourth PCRA petition was untimely filed, and Appellant failed to plead and prove the applicability of one of the PCRA timeliness exceptions, we affirm the order on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/19/20</u>